USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1665 UNITED STATES, Appellee, v. NELSON ESTRADA-BERREONDO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Mary M. Lisi, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Kenneth M. Diesnhof on brief for appellant. ___________________ Sheldon Whitehouse, United States Attorney, Margaret E. Curran, ___________________ __________________ Assistant United States Attorney, and James H. Leavey, Assistant _________________ United States Attorney, on brief for appellee. ____________________ NOVEMBER 19, 1997 ____________________ Per Curiam. We have examined the submissions of the __________ parties and the record below, and we affirm. Appellant's first contention, that his nolo contendere plea for simple _______________ assault in a prior state proceeding should have been excluded under U.S.S.G. 4A1.2(c)(1), is without merit. The crime of assault is not substantially similar to the excluded crime of disorderly conduct. Though an assault might also qualify as disorderly conduct, the former involves not only a threat to the public peace, but also a threat to the bodily integrity of another individual. Appellant cites no authority which would equate the two crimes, and at least two other circuits have distinguished the two crimes for purposes of applying U.S.S.G. 4A1.2(c)(1); see United States v. Kemp, 938 F.2d ___ ______________________ 1020, 1025 (9th Cir. 1991) (case remanded for determination of whether defendant's conduct more closely resembled assault, which would be included in the criminal history calculation, or disorderly conduct, which would be excluded); United States v. Russell, 913 F.2d 1288, 1294 (8th Cir. 1990) ________________________ (assault is not similar to disorderly conduct for purposes of computing criminal history); cf. United States v. Cox, 934 ___ _____________________ F.2d 1114, 1124 (10th Cir. 1991) (crime of "menacing" is not similar to disorderly conduct, since the former is crime against an individual and the latter is a crime against the public peace and order). -2- Appellant's other two points were not raised below, so this court may reverse only for "plain error." See Johnson ___ _______ v. United States, 117 S.Ct. 1544, 1549 (1997) (plain error ________________ must affect substantial rights and seriously affect fairness, integrity or reputation of justice system). We find no plain error. Affirmed. Loc. R. 27.1. _________ -3-